UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COASTAL COMMERCE BANK | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. |
| | * | |
| M/V RANDI NICHOLE, *in rem*, M/V MS. ISABELLE, *in rem*, M/V MS. BRYELLE, *in rem*, M/V RACHEL SHANNON, *in rem*, their engines, tackle, furniture, apparel, appurtenances, etc., SM ENERGY, LLC, BARBARA ANN, LLC, SM ENERGY SERVICES, LLC, RAYMOND J. SCULLY, Jr., and JOHN A. LANCON, *in personam* | * * * * * * * * | SECTION " " |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## **VERIFIED COMPLAINT**

The Verified Complaint of Coastal Commerce Bank (hereinafter "***Coastal***") against the vessels, M/V RANDI NICHOLE, Official Number 1085235, M/V MS. ISABELLE, Official Number 610886, M/V MS. BRYELLE, Official Number 590456, M/V RACHEL SHANNON, Official Number, 506969 *in rem*, together with their engines, tackle, furniture, apparel, appurtenances, etc. (collectively, the "***Vessels***"), and against SM ENERGY, LLC, BARBARA ANN, LLC, SM ENERGY SERVICES, LLC, RAYMOND J. SCULLY, Jr., and JOHN A. LANCON, *in personam*, respectfully represents:

1.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and jurisdiction of the United States and this Honorable Court is proper under 28 U.S.C. §1333 and 46 U.S.C. §31325(c).

2.

At all material times, plaintiff, Coastal, was, and now is, a Louisiana state-chartered bank, with its principal place of business in Houma, Louisiana.

3.

Defendant vessel, M/V RANDI NICHOLE, Official Number 1085235 (hereinafter, the "***Randi Nichole***"), is a documented vessel for which a certificate of documentation has been issued by the United States Coast Guard, National Vessel Documentation Center ("***NVDC***"), pursuant to 46 U.S.C. §12101 *et seq.*, and is now or will be during the pendency of this action within the navigable waters of this district. At all material times the *Randi Nichole* was and is now owned by Barbara Ann, LLC. ("***Barbara Ann***"), a limited liability company organized and existing under the laws of the State of Louisiana.

4.

Defendant vessel, M/V MS. ISABELLE, Official Number 610886 (hereinafter, the "***Ms. Isabelle***"), is a documented vessel for which a certificate of documentation has been issued by the NVDC, pursuant to 46 U.S.C. §12101 *et seq.*, and is now or will be during the pendency of this action within the navigable waters of this district. At all material times the *Ms. Isabelle* was and is now owned by Barbara Ann.

5.

Defendant vessel, M/V MS. BRYELLE, Official Number 590456 (hereinafter, the "***Ms. Bryelle***"), is a documented vessel for which a certificate of documentation has been issued by the NVDC, pursuant to 46 U.S.C. §12101 *et seq.*, and is now or will be during the pendency of this action within the navigable waters of this district. At all material times the *Ms. Bryelle* was and is now owned by Barbara Ann.

6.

Defendant vessel, M/V RACHEL SHANNON, formerly known as the M/V CAROLINE G, Official Number 506969 (hereinafter, the "***Rachel Shannon***"), is a documented vessel for which a certificate of documentation has been issued by the NVDC, pursuant to 46 U.S.C. §12101 *et seq.*, and is now or will be during the pendency of this action within the navigable waters of this district. At all material times the *Rachel Shannon* was and is now owned by Barbara Ann.

7.

On or about February 13, 2015, SM Energy, LLC, as "Borrower", issued a Promissory Note (hereinafter, "***Note 1***") made payable to Coastal in the amount of $5,000,082.81 to evidence a loan made by Coastal to SM Energy. A true and correct copy of Note 1 is attached hereto as Exhibit "A", the terms of which are incorporated herein by this reference. The following amounts are due and owed under Note 1: principal in the amount of $4,826,431.24 and accrued interest through August 22, 2016 in the amount of $174,019.66 with interest accruing on the Note at the pre-default interest rate of 5.50% or $737.37 per day and uncollected late charges of $1,400.00.

8.

On or about March 31, 2015, SM Energy, LLC, as "Borrower", issued a Promissory Note (hereinafter, "***Note 1***") made payable to Coastal in the amount of $349,000.00 to evidence a loan made by Coastal to SM Energy. A true and correct copy of Note 2 is attached hereto as Exhibit "B", the terms of which are incorporated herein by this reference. The following amounts are owed to Lender under Note 2: principal in the amount of $349,000.00, late charges in the amount of $915.65 and accrued interest through August 22, 2016 in the amount of $18,385.51 with interest accruing on the Note at the pre-default interest rate of 5.5% or $67.85 per day.

9.

In order to secure all existing and future obligations, liabilities and indebtedness of SM Energy to Coastal under the Promissory Notes, among other obligations, Barbara Ann executed and delivered that certain First Preferred Ship Mortgage on %100.00 of the *Randi Nichole*, dated March 31, 2014, in favor of Coastal, as mortgagee, bearing against the whole of the Randi Nichole in the original amount of $5,025,000 (the "***Randi Mortgage***"). The Randi Mortgage was filed with the NVDC, on April 2, 2014 at 1:43 p.m. and recorded as Batch No. 18518300, Doc. ID No. 5. A true and correct copy of the Randi Mortgage is attached hereto as Exhibit "C". The Randi Mortgage constitutes a preferred mortgage lien bearing against and encumbering the *Randi Nichole*.

10.

In order to secure all existing and future obligations, liabilities and indebtedness of SM Energy to Coastal under the Promissory Notes, among other obligations, Barbara Ann executed and delivered that certain First Preferred Ship Mortgage dated March 31, 2014, in favor of Coastal, as mortgagee, bearing against the whole of the Bryelle in the original amount of

$5,025,000 (the "***Bryelle Mortgage***"). The Bryelle Mortgage was filed with the NVDC on April 2, 2014 at 1:43 p.m. and recorded as Batch No. 18515900, Doc. ID No. 5. A true and correct copy of the original First Preferred Fleet Mortgage is attached hereto as Exhibit "D". The Mortgage, as supplemented, constitutes a preferred mortgage lien bearing against and encumbering the *Ms. Bryelle*.

11.

In order to secure all existing and future obligations, liabilities and indebtedness of SM Energy to Coastal under the Promissory Notes, among other obligations, Barbara Ann executed and delivered that certain First Preferred Ship Mortgage, dated March 31, 2014, in favor of Coastal, as mortgagee, bearing against the whole of the Rachel Shannon (f/k/a the "Caroline G") in the original amount of $5,025,000 (the "***Shannon Mortgage***"). The First Preferred Ship Mortgage was filed with the NVDC, on April 2, 2014 at 1:30 p.m. and recorded as Batch No. 18506800, Doc. ID No. 3. A true and correct copy of the original Shannon Mortgage is attached hereto as Exhibits "E". The Shannon Mortgage, as supplemented, constitutes a preferred mortgage lien bearing against and encumbering the *Rachel Shannon*.

12.

In order to secure all existing and future obligations, liabilities and indebtedness of SM Energy to Coastal under the Promissory Notes, among other obligations, Barbara Ann executed and delivered that certain First Preferred Ship Mortgage, dated March 31, 2014, in favor of Coastal, as mortgagee, bearing against the whole of the Ms. Isabelle in the original amount of $5,025,000 (the "***Isabelle Mortgage***"). The First Preferred Fleet Mortgage was filed with the NVDC, on April 2, 2014 at 1:39 p.m. and recorded as Batch No. 18518400, Doc. ID No. 5. A true and correct copy of the original Isabelle Mortgage is attached hereto as Exhibit "F". The

Mortgage constitutes a preferred mortgage lien bearing against and encumbering the *Ms. Isabelle*.

13.

All of the things required to be done under Chapter 313 of Title 46, United States Code, in order to give the Isabelle Mortgage, the Randi Mortgage, the Bryelle Mortgage, and the Shannon Mortgage (together, the "***Mortgages***"), the status of preferred ship mortgages were done or caused to be done by Coastal, as mortgagee, or by the NVDC.

14.

SM Energy as borrower and Barbara Ann as mortgagor and guarantor are now in default under the Promissory Notes and the Mortgages as hereinafter set forth.

15.

Despite amicable demand, SM Energy as borrower and Barbara Ann as mortgagor and guarantor failed or refused to pay the installments of principal and interest scheduled under the Promissory Notes when due. The failure of SM Energy and Barbara Ann to pay the scheduled installments of principal and interest under the Promissory Notes constitutes a default under the Promissory Notes and an Event of Default under the Mortgages. As of August 22, 2016, the aggregate outstanding balance of principal and accrued and unpaid interest owned under the Promissory Notes was $5,370,152.06, broken down as follows:

| **Note** | **Outstanding Principal** | **Interest & Fees** | **Total** |
|---|---|---|---|
| Note 1 | $4,826,431.24 | $175,419.66 | $5,001,850.90 |
| Note 2 | $349,000 | $19,301.16 | $368,301.16 |
| | | | $5,370,152.06 |

The outstanding balance owed under the Notes continues to accrue interest at the Default Rate stipulated in the Loan Agreement and the Notes, eighteen percent (18%) per annum, until all sums due under the Promissory Notes is paid in full.

16.

The Promissory Notes provide that if SM Energy, as borrower, fails to make any payment of principal or interest due under the Notes, or upon the occurrence of any other Event of Default Coastal may declare the Notes to be immediately due and payable, and the Notes will thereupon become immediately due and payable, without notice, demand, presentment, notice of dishonor, notice of acceleration, notice of intent to accelerate, notice of intent to demand, protest, or other formalities of any kind, all of which were expressly waived by SM Energy in such instruments.

17.

The Promissory Notes and the Mortgage, each further provide that, in the event that the Promissory Notes are placed in the hands of an attorney for collection or suit, the maker, SM Energy, agrees to all costs of collection and the reasonable fees of such attorney, not to exceed 25%.

18.

The Promissory Notes and the Mortgages further provide that, following the occurrence of an Event of Default, Coastal shall have the right to exercise any and all remedies provided

under the Mortgage, including the right to foreclose or otherwise enforce all liens or security interests securing payment of the Notes and other sums due under the Mortgages and other loan documents.

19.

All sums due and owing by SM Energy to Coastal under the Promissory Notes, together with all costs of foreclosure against the Vessels, including reasonable attorneys' fees, are sums secured by the preferred mortgage lien of the Mortgage.

20.

In addition to the above Promissory Notes and Mortgages, the *in personam* defendants executed commercial continuing guaranty agreements guaranteeing payment either by the borrower or by the personal guaranties of the individuals. Raymond J. Scully, Jr., executed and entered into a commercial guaranty agreement dated March 31, 2014. The Scully Guaranty is attached hereto and incorporated herein as Exhibit "G". The Scully Guaranty guarantees, without limitation, the following:

> all of the principal amount outstanding from time to time and at any time and at any one or more times, accrued unpaid interest thereon, and all collection costs and legal expenses related thereto permitted by law, reasonable attorneys' fees, arising from any and all present and future loans, loan advances, extensions of credit, obligations and/or liabilities that Borrower [SM Energy] individually or collectively or interchangeably with others, owes or will owe or incur in favor of Lender [Coastal] whether direct or indirect, or by way of assignment or purchase of a participation interest and whether Borrower may be liable individually, jointly or severally with others, whether primarily or secondarily, or as guarantor or otherwise, and whether now existing or hereafter arising, of every nature and every kind whatsoever, including any liabilities and obligations under any interest rate protection agreements or foreign currency exchange agreements or commodity price protection agreements.

The foregoing encompasses and includes all indebtedness and all obligations under the aforementioned Promissory Notes. Coastal avers that pursuant to the commercial guaranty executed and entered into by Scully, Scully is personally obligated to satisfy the obligations of SM Energy, LLC, inclusive of the amounts due under the Promissory Notes, in all sums due to Coastal.

21.

Commercial guaranties were contemporaneously executed and entered into by defendants John A. Lancon, and SM Energy Services, LLC, which are attached hereto as Exhibits "H" and "I," respectively. Coastal avers that pursuant to the commercial guaranties executed and entered into by Lancon and SM Energy Services, LLC, Lancon and SM Energy Services, LLC, each are personally obligated to satisfy the obligations of SM Energy, LLC, inclusive of the amounts due under the Promissory Notes, in all sums due to Coastal.

22.

Coastal has made demand upon each of the aforementioned guarantors for the amounts due and payable. Despite plaintiff's demands, the guarantors have defaulted pursuant to the terms of the Promissory Notes, the Preferred Ship Mortgages, and the Commercial Guaranties. The aforementioned guarantors, Scully, Lancon and SM Energy Services, LLC, are now liable for all sums due to Coastal.

23.

Coastal reserves the right to seek relief against any party to whom Scully, Lancon, and SM Energy Services, LLC, has transferred or will hereafter transfer interests in property, to the extent allowed under applicable law whether under the Louisiana Revocatory Action or otherwise.

24.

All and singular, the premises of this Complaint are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

WHEREFORE, plaintiff, Coastal Commerce Bank, prays:

1. That process *in rem* issue in due form of law under Supplemental Rule C of the Federal Rules of Civil Procedure and according to the practices of this Honorable Court in a cause of admiralty and maritime jurisdiction citing all persons having or claiming interest in the vessels, M/V RANDI NICHOLE, M/V MS. ISABELLE, M/V MS. BRYELLE, M/V RACHEL SHANNON, together with their engines, tackle, furniture, apparel, appurtenances, etc., to appear and answer, under oath, all and singular, the matters aforesaid; and, after due proceedings had herein, that Coastal Commerce Bank have judgment against the Vessels, *in rem*, for the amount of $5,370,152.06, together with interest at the rate of eighteen percent (18%) percent per annum from August 22, 2016 until the date of Judgment herein, and thereafter at the legal rate until paid in full, reasonable attorneys' fees, and all costs of these proceedings, including U.S. Marshal fees and *custodia legis* claims;

2. That the vessels, M/V RANDI NICHOLE, M/V MS. ISABELLE, M/V MS. BRYELLE, M/V RACHEL SHANNON, together with their engines, tackle, furniture, apparel, appurtenances, etc., be arrested and sold to satisfy the judgment of Coastal Commerce Bank;

3. That the First Preferred Ship Mortgages executed and delivered by defendant, Barbara Ann, LLC, and bearing upon the M/V RANDI NICHOLE, M/V MS. ISABELLE, M/V MS. BRYELLE, M/V RACHEL SHANNON, each be declared to be valid and subsisting lien against the aforementioned Vessels in the amount claimed herein, and that such lien be declared

to be prior and superior to the claims and interests of all persons, firms or corporations whatsoever in and to the Vessels; and

4. That, after due proceedings are had, Raymond J. Scully, Jr., John A. Lancon, and SM Energy Services, LLC each be cast in judgment and held personally liable for the amounts due under the Promissory Notes and the commercial guaranties executed by Raymond J. Scully, Jr., John A. Lancon, and SM Energy Services, LLC; and

5. For all other general and equitable relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Joseph P. Briggett*

Stewart F. Peck, T.A. (La. Bar #10403)
Joseph P. Briggett (La. Bar# 33029)
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: 504-568-1990
*Attorneys for Plaintiff,*
*Coastal Commerce Bank*

Marshal: Please serve the vessels according to counsel's instructions