# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

Coastal Commerce Bank                          Civil Action 16-cv-01274

versus                                                         Judge Rebecca F. Doherty

SM Energy LLC et al                   Magistrate Judge Carol B. Whitehurst

## REPORT AND RECOMMENDATION

Before the Court on referral from the District Judge is a Motion For Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) filed by Plaintiff, Coastal Commerce Bank ("Coastal"), against the *in personam* defendant John A. Lancon ("Lancon") [Rec. Doc. 46].

*Background*

Plaintiff filed this suit in order to obtain payment on two Promissory Notes: (1) a Promissory Note ("Note 1") made payable to Coastal by SM Energy LLC ("Energy") as "Borrower" in the amount of $5,000,082.81 to evidence a loan made by Coastal to Energy issued on or about February 13, 2015; *R. 46-1, Exh. A*. and (2) a Promissory Note ["Note 2"] made payable to Coastal by Energy as "Borrower" in the amount of $350,000.00 to evidence a loan made by Coastal to Energy issued on or about June 30, 2015. *R. 46-1, Exh. B.* On March 31, 2014, Lancon had executed and entered into a commercial continuing guaranty agreement, whereby Lancon was personally obligated to satisfy the obligations of Energy, inclusive of the amounts due under the Promissory Notes, in all sums due to Coastal. *R. 46, Exh. C.*

Despite Plaintiff's amicable demands, Energy and then Lancon, failed or refused to pay the installments of principal and interest scheduled under the

Promissory Notes when due. Plaintiff contends such failure constitutes a default under the Promissory Notes and an Event of Default under the Mortgages. *R. 46-1, p. 2*.

Plaintiff instituted this lawsuit by verified Complaint on September 12, 2016. *R. 1*. The Complaint was personally served on September 28, 2016. *R. 22-2, p. 1*. The summons provided: "Within 21 days after service of this summons on you (not counting the day you received it) ... you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure." *Id.* No answer or motion was filed by Lancon within this time period. On January 26, 2017, Plaintiff filed a Motion for Entry of Default against Lancon, *R. 22*, and the Clerk of Court filed a "Notice Of Entry Of Default" into the record against Lancon on January 27, 2017, *R. 24*.

In support of its Motion for Entry of Default *R. 22,* Plaintiff attached the affidavit of Joseph P. Briggett, counsel for Plaintiff. Briggett states: (1) Coastal retained the law firm of Lugenbuhl, Wheaton, Peck, Rankin & Hubbard to recover the amounts due from Lancon; (2) Lancon is not an incompetent, an infant, or in military services; (3) No answer or other responsive pleading has been filed in this matter by Lancon: and (4) despite amicable demand and service of the Complaint; and Lancon has failed to file a proper and timely answer to the demand presented in the complaint in this matter. *R. 22-1*.

*Default Standard*

Under Federal Rule of Civil Procedure 55(b), the court may enter a default

against a party if it fails to plead or otherwise respond to the plaintiff's complaint within the required time period. A plaintiff who seeks a default judgment must first petition the court for the entry of default and show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a). Once default has been entered, the plaintiff's well-pleaded factual allegations are deemed admitted. *Meyer v. Bayles*, 559 Fed.Appx. 312, at *1 (5th Cir. 2014) (citing *Nishimatsu Const. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)). At the same time, the defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206.

Rule 55(b) grants a court discretion to convene an evidentiary hearing on the issue of damages. Fed.R.Civ.P. 55(b)(2)(B). Where "the amount claimed is a liquidated sum or one capable of mathematical calculation," a hearing is not necessary. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979). "The court may rely on detailed affidavits or documentary evidence, supplemented by the judge's personal knowledge, to evaluate the proposed sum." *Richardson v. Salvation Army, Southern Territory, USA*, 161 F.3d 7 (5th Cir.1998). The Court finds the damages here are readily capable of mathematical calculation from plaintiff's affidavits, thus making an evidentiary hearing unnecessary.

*Analysis*

Plaintiff has attached the Affidavit of Trent Oliver, Vice President of Commercial Lending for Coastal, in support of its entitlement to the relief sought. Oliver states that as of May 18, 2017, the aggregate outstanding balance of principal and accrued and unpaid interest owned under the Promissory Notes referenced above

3

was $5,587,564.85, broken down as follows:

| Note | Outstanding Principal | Interest & Fees | Total |
|---|---|---|---|
| Note 1 | $4,826,431.24 | $175,419.66 | $5,001,850.90 |
| Note 2 | $349,000.00 | $19,301.16 | $368,301.16 |
|  |  |  | $5,370,152.06 |

Oliver further attests that the outstanding balance owed under the Notes continues to accrue interest at the Default Rate stipulated in the Loan Agreement and the Notes, eighteen percent (18%) per annum, until all sums due under the Promissory Notes is paid in full. *R. 46-2, p. 3*. Oliver further attests that the Promissory Notes provide that if Energy "fails to make any payment of principal or interest due under the Notes, or upon the occurrence of any other Event of Default Coastal may declare the Notes to be immediately due and payable, and that in the event that the Promissory Notes are placed in the hands of an attorney for collection or suit, the maker, Energy, agrees to all costs of collection and the reasonable fees of such attorney, not to exceed 25%." *Id.*

Plaintiff notes that Mr. Oliver's Affidavit reflects interest calculated as of August 22, 2016, whereas this Motion and Memorandum updates the interest calculation as of May 18, 2017 to:

| Note | Outstanding Principal | Interest & Fees | Total |
|---|---|---|---|
| Note 1 | $4,826,431.24 | $373,847.32 | $5,200,941.19 |
| Note 2 | $349,000.00 | $37,623.66 | $386,623.66 |
|  |  |  | $5,587,564.85 |

4

Plaintiff also notes that in connection with the U.S. Marshal Auction which has been approved by Order of this Court (*R. 44*), Coastal Commerce made credit bids in the total amount of $1,125,000.00, which are applied as a credit to the indebtedness amount, for a total judgment in the amount of $4,462,564.85.

*Conclusion*

Pursuant to the affidavit and documentary evidence attached, this Court finds the guarantor Defendant John A. Lancon is indebted to Coastal Commerce Bank in the amount of $5,587,564.85, less credit for the credit bids made by Coastal Commerce Bank in the amount of $1,125,000.00, for a total judgment in the amount of $4,462,564.85 together with reasonable attorneys' fees, contractual interest up until the date of judgment, and legal interest thereafter.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415

(5th Cir.1996).

THUS DONE AND SIGNED this 18th day of September, 2017.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**