# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

Coastal Commerce Bank                      Civil Action 16-cv-01274

versus                                     Judge Rebecca F. Doherty

SM Energy LLC et al                        Magistrate Judge Carol B. Whitehurst

## REPORT AND RECOMMENDATION

Before the Court on remand by the district judge is the Bill of Costs and Itemized Statement filed by Plaintiff, Coastal Commerce Bank ("Coastal") [Rec. Doc. 88], as ordered by the district judge in the Partial Default Judgment on October 5, 2017, *R. 77*.

Plaintiff filed this suit to obtain payment on: (1) a Promissory Note ("Note 1") made payable to Coastal by SM Energy LLC ("Energy") as "Borrower" in the amount of $5,000,082.81, *R. 46-1, Exh. A*; and (2) a Promissory Note ["Note 2"] made payable to Coastal by Energy as "Borrower" in the amount of $350,000.00, *R. 46-1, Exh. B*. Defendant John A. Lancon executed and entered into a commercial continuing guaranty agreement, whereby Lancon was personally obligated to satisfy the obligations of Energy, inclusive of the amounts due under the Promissory Notes, in all sums due to Coastal. *R. 46, Exh. C*.

Based on Lancon's failure to respond and/or file responsive pleadings after service was made on him, Plaintiff filed a Motion for Default and Memorandum in Support against Lancon. *R. 22, 46*. The undersigned issued a Report and Recommendation, recommending that the Motion for Default be granted against

Lancon for a total judgment in the amount of $4,461,902.22 [1]—$5,175,431.24, the amount of the principal indebtedness ($4,826,431.24 + 349,000.00), plus "interest and fees" as of May 18, 2017 in the amount of $411,470.98, minus $1,125,000.00 in credit bids made by Plaintiff. *R. 70*. The district judge ordered that the Report and Recommendation be granted in part for a total judgment in the amount of $4,050,431.24—$5,175,431.24, the amount of the principal indebtedness ($4,826,431.24 + 349,000.00), less $1,125,000.00, the amount of the credit bids made by Coastal. In determining the total judgment, the court did not include Coastal's provision of the amount of "Interest & Fees", instead ordering that Coastal file an itemized statement of the amount it claims in "Interest & Fees".[2] Plaintiff complied with the district court's order. *R. 88*.

In its "Itemized Statement of Costs", Coastal represents the following:

(1) Based on the interest calculations in the Affidavit of Trent Oliver, *R. 88-2*, indicating that the interest amount accruing per day under the terms of Promissory Note 1 calculated pursuant to the "365/360 method" is 737.37 per day, Coastal

---

[1] Coastal's Motion for Default Judgment indicated that the "Interest and Fees" on Note 1 was $373,847.32. *R. 46-1, p. 3*. Coastal's Itemized Statement of Costs, however, stated a different amount of the "Interest and Fees," $373,109.95. *R. 88-1, p. 1*. The Court, through its law clerk, contacted counsel for Coastal who represented that the total amount in the Motion for Default was an inadvertent error and the correct amount should have been that reflected in the Itemized Statement of Costs ($373,109.95). The Court's calculations reflect the correction of the error in the Motion for Default Judgment.

[2] In its motion, Coastal represented that the interest accruing on Note 1 through August 22, 2016 at the pre-default interest rate of 5.5% was $737.37 per day with late fees of $1,400.00, and the interest accruing on Note 2 through August 22, 2016 at the pre-default interest rate of 5.5% was $67.85 per day with late fees of $915.65. *R. 46-2, Aff. Of Oliver*). Coastal's ultimate request for judgment however was as of May 18, 2017 and the total amount requested did not breakdown the interest, late fees or any other fees included in the request for "Interest & Fees." *R. 46-1, pp. 2-3*.

represents that the interest calculated thorough May 18, 2017 is $373,109.95 and the amount of late fees is $1,400.00.

(2) Based on the interest calculations in the Affidavit of Trent Oliver, *R. 88-2, Aff. Of Oliver*, indicating that the interest amount accruing per day under the terms of Promissory Note 2 calculated pursuant to the "365/360 method" is 67.85 per day, Coastal represents that the interest calculated thorough May 18, 2017 is $36,708.01 and the amount of late fees is $915.65.

Thus, the **Total Amount of Contractual Interest is $409,817.96** and the **Total Amount of Late Fees is 2,315.65**.

(3) The record indicates that the **Total U.S. Marshal Bill of Costs** for the four vessels **is 25,802.36**. *R. 88-3*.

(4) The record indicates that the **Total Publication of Legal Notices** for legal notices in *The Advertiser* and *Times Picayune* **is $1,156.86**. *R. 88-4*.

(5) The record indicates that the **Total Court Costs is $625.00**. *R. 88-5*.

(6) Coastal states that it "reserves its right to seek ... reasonable attorneys fees, as to any judgment entered against *other* defendants in this case, as allowed under the circumstances." *R. 88-1, p. 3* (emphasis added). Accordingly, Coastal is not requesting attorney's fees in this case.[3]

Based on Coastal's Itemized Statement of Costs, including the exhibits attached thereto, as well as the record of this action, the undersigned finds that the **Total of Contractual Interest, Costs under the Promissory Notes and Court**

---

[3] Counsel for Coastal confirmed to the Court that Coastal is not seeking attorney's fees with regard to its lawsuit against Lancon.

**Costs is $439,717.83**. It is therefore recommended that the district court increase its judgment award of $4,050,431.24 by awarding the "Interest and Fees" of $439,717.83.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** this 15th day of November, 2017.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE