**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

Coastal Commerce Bank                                    Civil Action 16-cv-01274

versus                                                                  Judge Rebecca F. Doherty

SM Energy LLC et al                          Magistrate Judge Carol B. Whitehurst

## ORDER

Before the Court is a Motion To Reconsider Order Setting Aside Default filed by Plaintiff, Coastal Commerce Bank ("Coastal") [Rec. Doc. 66] and a Memorandum in Opposition filed by Defendant, Richard J. Scully Jr. ("Scully") [Rec. Doc. 71].

### I. Legal Standard

While "the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration," *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir.1997), Plaintiff's Motion for reconsideration invokes the "good cause" standard under Federal Rule of Civil Procedure 55(c). Federal Rule of Civil Procedure 55(c) provides that a district court may set aside an entry of default "for good cause shown." Fed. R. Civ. P. 55(c). Good cause, for purposes of Rule 55(c), "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992). In determining whether good cause exists to set aside an entry of default, the Court considers "(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented."

*Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc*., 346 F.3d 552, 563 (5th Cir. 2003). These factors are, however, nonexclusive, and the Court should consider all relevant circumstances against the background principles that cases should be resolved on the merits. *See Lacy v. Sitel Corp*., 227 F.3d 290, 292 (5th Cir. 2000) ("[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement."); *see also Amberg v. Fed. Deposit Ins. Corp*., 934 F.2d 681, 686 (5th Cir. 1991) ("Federal Rules are diametrically opposed to a tyranny of technicality; ... [s]trict enforcement of defaults has no place in the Federal Rules...."). Further, setting aside an entry of default is not subject to the strict standards of setting aside a final judgment under Rule 60. *See* 2015 Amendment to Fed. R. Civ. P. 55 ("The demanding standards set by Rule 60(b) apply only in seeking relief from a final judgment.").

Though resolution of cases on the merits is preferable, the willful failure of a party to answer the complaint may provide sufficient justification to deny a motion to set aside an entry of default. *See Dierschke*, 975 F.2d at 184; *CJC Holdings, Inc. v. Wright & Lato, Inc*., 979 F.2d 60, 63 (5th Cir. 1992); *Hargray v. City of New Orleans*, 12 F.3d 1099 (5th Cir. 1999) (stating that a willful failure to answer indicates a lack of good cause). A failure to file an answer that results from excusable neglect is not willful. *See American Airlines, Inc. v. Reinis*, 21 F.3d 1107 (5th Cir. 1994); *see also CJC Holdings*, 979 F.2d at 64; *Parker v. Bill Melton Trucking, Inc.*,

2016 WL 5704172, at *2 (N.D. Tex. Oct. 3, 2016) ("Willfulness is determined by applying the excusable neglect standard.").

## II. Discussion

Coastal contends the Court should reconsider its order setting aside the entry of default against Scully "because his default was willful and he has no meritorious defenses." *R. 66, p. 1.* Coastal represents that "Scully's attorney was advised that Scully would be defaulted, and he was sent a copy of the Request for Default, and did nothing for six months." *Id.* Scully refutes Coastal's representation and states that Coastal never disclosed its intent to default Scully. *R. 71.*

The record of this matter provides that Coastal's counsel, Joseph Briggett, communicated extensively with Scully's civil counsel, Jeff Coreil, and Scully's bankruptcy attorney, Kent Aguillard, from October 14, 2016 to November 28, 2016.[1] On October14, 2016, attorney Coreil informed attorney Briggett that Scully revoked and disputed the validity of the Commercial Guarantee he had executed on March 31, 2014. *R. 71-3.* The communications also included Coastal's informal extensions for Scully to respond to the Complaint. *R. 71, Exh. B, emails between Coreil and Brigget.*

The record further reflects that during this period, the parties were engaged in the process of arranging the sale of the Vessels which were the subject of Coastal's Promissory Notes. In a November 8, 2016 email from Coreil to Aguillard, Coreil stated that Coastal had given Scully "an informal extension to answer while the

---

[1] Coastal contends that Aguillard was "evidently" hired as Scully's bankruptcy attorney. *Id. at p. 5.* Coastal further contends that Coreil had been counsel for the corporate defendants and for Scully "prior to this lawsuit and during the period shortly after the action was filed." *R. 66-1, p. 2.* The Court notes that Coreil filed the motion to set aside the entry of default on August 9, 2017 and filed an Answer as Scully's counsel of record thereafter. *R. 59, 65.*

parties continue to negotiation resolution. . . [and] agreed no answer necessary until these negotiations are complete." *Id. at Exh. C, Nov. 8, 2016 email from Coreil.*[2] The record indicates that the ongoing "negotiations" were related to Coastal's sale of the vessels which was confirmed by the Court on May 8, 2017. *R. 44.* Coastal along with Scully, who was represented by Aguillard, and the corporate defendants, represented by their own bankruptcy attorney, executed a November 23, 2016 Stipulation in which Scully and the corporate defendants agreed to conduct a private sale of the vessels and waive their right to contest a "deficiency judgment" based on the use of the private sale procedure. Coastal reserved all claims against Scully and the corporate defendants for a "deficiency judgment." *R. 66-2.*

The record indicates that attorney Briggett filed a "Request To Enter Default Against Raymond J. Scully Jr" with the Court on January 16, 2017. *R. 30.* Briggett submitted notice of Coastal's motion for entry of default *only* to attorney Aguillard,

---

[2] Attorney Coreil submitted correspondence, dated November 8, 2017, to the Court enclosing the subject email and requesting that the Court perform an "in camera" review of the email in order to determine if it is a privileged document pursuant to the attorney-client privilege, an extension of the joint defense privilege. Coastal objected to the Court's review of the email, asserting that it was entitled to review and respond to the email.

Under the joint defense doctrine, the privilege is waived by disclosure to a third party "'unless [the communication is] made to attorneys for co-parties in order to further a joint or common interest (known as the common interest rule or joint defense privilege).' The common-interest doctrine extends only to communications made in furtherance of the parties' common legal interest." *In re Liprie*, 480 B.R. 658, 663 (Bkrtcy.W.D.La.,2012) (citing *In re Santa Fe Intern. Corp.*, 272 F.3d 705, 711–12 (5th Cir.2001).

The email in question contains a recitation of a conversation and statements which took place between attorneys of opposing parties, Briggett and Coreil. Coreil's disclosure of the information from Briggett was to Scully's attorney, Aguillard, who was involved in the private sale of the vessels. The Court finds that the communication was non-privileged, but even if it constituted privileged information it was made to further a joint or common interest as to their client, Scully, and was protected under the joint interest rule.

None-the-less, the Court finds that it need not consider the email at issue because the October 2016 communications along with Coastal's failure to provide notice to Scully through attorney Coreil is sufficient for the Court to deny Coastal's Motion.

4

via U.S. Mail. *R. 66-4*. On May 19, 2017, attorney Briggett filed a Motion for Default Judgment, *R. 45*, and once again submitted a notice of the motion *only* to attorney Aguillard, via U.S. Mail. *Id.* In defending the fact that its counsel provided notice of default to attorney Aguillard (without providing notice to attorney Coreil), Coastal cites an October 26, 2016 email by Aguillard to Coastal's counsel, Briggett, stating, "I represent Ray Scully personally," in support of his decision to notify only Aguillard of Coastal's entry of default against Scully.

Based on the previous communications cited above, Briggett was aware that attorney Coreil was active legal counsel for Scully in this case. Coastal's last communication with Coreil indicated that Scully had an extension to answer in light of the pending sale of the vessels. While Coastal argues that it reserved its right in the November 23, 2016 Stipulation to file a "deficiency judgment" against Scully—that in <u>no way</u> provided notice of Coastal's entry of default against him.[3] Attorney Briggett never provided attorney Coreil with notice of his motion to enter default or motion for default judgment. As an experienced attorney, he knew or should have known that attorney Coreil would receive no notice from the Court. Additionally, providing notice to attorney Aguillard did not assure that attorney Coreil or Scully would receive notice of a civil case. The prior communications between the attorneys included Aguillard, Scully's bankruptcy attorney, **and** his civil attorney, Coreil. There is no reason attorney Aguillard would have or should have believed that he was the only one to receive notice of default in this civil case.

---

[3] A "deficiency judgment" is not the same as a default judgment. Scully's waiver of the deficiency judgment pertained to the amount received by the sale of the vessels. It was not a waiver of his right to receive notice of the entry/judgment of default.

After considering the facts and record of this case, this Court concludes that defendant Scully has shown there was good cause to set aside the entry of default against him. Fed. R. Civ. P. 55(c). First, the Court finds that the Scully's failure to file a timely answer in this matter amounts to excusable neglect rather than willful conduct. *See Bona Fide Demolition & Recovery, LLC v. Crosby Const. Co. of Louisiana*, 2009 WL 4060192, at *3 (E.D. La. Nov. 20, 2009) (setting aside default where failure to respond was product of excusable neglect). The determination of whether neglect is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission, including the danger of prejudice to the non-movant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *In re FEMA Formaldehyde Products Liability Litigation*, 2012 WL 458821, at *6 (E.D. La. Feb 13, 2012).

The Court finds that Coastal has not been prejudiced by the Court's setting aside the entry of default. This case remains in the early stages of litigation; no trial date has been set, and discovery has not commenced. The mere fact that setting aside the default would require the plaintiff to litigate the dispute is insufficient prejudice to require the default to stand. *See e.g., Broadwing Communications, Inc. v. Harris*, 2000 WL 1059863, at *2 (E.D.La.,2000). While Coastal complains of previous transfers of personal property by Scully as indications of fraud and collusion, the Court notes that Coastal has filed a separate lawsuit regarding these concerns which is pending in this Court. *See, Coastal Commerce Bank v. Scully et al*, 6:17-CV-1011.

To establish prejudice, plaintiffs "must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy*, 227 F.3d at 293.

In summary, the ongoing email and other communications between counsel for Coastal and Scully's counsel demonstrates that Coastal knew Scully was represented by attorney Coreil, yet Coreil was never advised of the motions for entry of default or for judgment of default against his client, Scully.

### III. Conclusion

For the foregoing reasons, the Court DENIES the Motion To Reconsider Order Setting Aside Default filed by Plaintiff, Coastal Commerce Bank [Rec. Doc. 66].

**THUS DONE AND SIGNED** this 21st day of November, 2017.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE